# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |  |
|---|---|---|
| C.F.S., A MINOR CHILD, B/N/F RICHARD SISSON, JR. AND MISTY SISSON, ET AL. | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:19CV00044 |
| v. | ) ) | **OPINION AND ORDER** |
| DICKENSON COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, ET AL., | ) ) ) ) | By: James P. Jones United States District Judge |
| Defendants. | ) | |

*Richard D. Kennedy*, KENNEDY LAW OFFICE PLLC, Wise, Virginia, K. Jeff Luethke, Kingsport, Tennessee, and Gregory Baker, Gate City, Virginia, for Plaintiffs; Jim H. Guynn, Jr., GUYNN, WADDELL, CARROLL & LOCKABY, P.C., Salem, Virginia, for Defendants.

The plaintiffs filed this civil case in the Circuit Court of Dickenson County, Virginia, and the defendants removed it to this court on the ground that it presented a federal question. The plaintiffs have now moved to remand the case to state court. Because I conclude that the case does not raise a federal question and this court is without subject-matter jurisdiction, I will grant the Motion to Remand.

I.

The Complaint's allegations are as follows.[1] Plaintiff C.F.S. is 11 years old and has cerebral palsy and hydrocephalus. She was a student at Ervinton Elementary School and had an Individualized Education Plan (IEP). Ervinton Elementary School is operated by the Dickenson County School Board, misnamed as a defendant in the Complaint as the Dickenson County Public Schools Board of Education. Defendant Haydee Robinson was the Superintendent of the Dickenson County School Division. Defendant Denechia Edwards was the Director of Special Education. Defendant Brian Baker was the Principal of Ervinton Elementary School. Defendant Sherry Smith was a teacher at Ervinton Elementary School. Defendant Shawn Sullivan was employed in the Special Education Department at Ervinton Elementary School. The remaining plaintiffs are the parents of C.F.S.

On September 27, 2017, C.F.S. was attempting to walk down a set of stairs without proper assistance and fell, striking her head and other parts of her body and suffering injuries. The Complaint alleges that the defendants negligently failed to abide by the following statutes:

---

[1] The plaintiffs incorrectly titled their initial state court pleading a Motion for Judgment. That designation is an archaic one no longer used in Virginia procedure and I will refer to it as the Complaint.

- *The Individuals with Disabilities Education Improvement Act (IDEA) as enacted and enforced by the Commonwealth of Virginia.*

- *Virginia Code Annotated — Title 22.1*

- *Virginia Administrative Code – Title 8*

- *Accepted Standards Concerning Supervision Restraint and Seclusion.*

Compl. 5, ECF No. 1-4. The Complaint alleges that "the negligence, ordinary, gross, common law and/or statutory law, of Defendants proximately caused the incident and resulting injuries and damages sustained by Plaintiffs." *Id.* Further, the defendants

> were negligent in that they knew, or by the exercise of reasonable care should have known, as was their responsibility and duty in their job capacity, that Plaintiff suffered from severe health issues which were accompanied by physical handicaps and Plaintiff required help ambulating up and down stairs to avoid the imminent danger of serious physical harm to herself and others. Defendants were negligent and intentionally breached their duties to Plaintiff by not providing an aide, as in the past, to Plaintiff resulting in the severe damages Plaintiff suffered. Defendants were further negligent in their failure to provide a safe or reasonable facility to accommodate Plaintiff given the known disabilities by requiring that Plaintiff negotiate steps during the school day.

*Id.* at 5-6.

In their Notice of Removal, the defendants assert that this court has original jurisdiction over this case because the Complaint presents "claims under 20 U.S.C. § 1400 et seq." Notice of Removal 1, ECF No. 1. That statute is the federal Individuals with Disabilities Education Act (IDEA). The plaintiffs moved to

remand the case, stating that the Complaint solely asserts a state-law negligence claim. The Motion to Remand has been fully briefed and is ripe for decision.[2]

II.

As the Supreme Court has held,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The right to remove a civil case from state court requires that the federal court have original jurisdiction over the cause of action. 28 U.S.C. § 1441(a). I am required to strictly construe removal jurisdiction, and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). A motion to remand based on lack of subject-matter jurisdiction may be made at any time before final judgment. 28 U.S.C. § 1447(c).

"The 'mere presence of a federal issue in a state cause of action' is not enough to confer jurisdiction." *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

Instead, federal question jurisdiction exists only where a federal question is "necessarily raised and actually disputed by the parties"; the question is "substantial," i.e., "important to the federal system as a whole;" and the federal courts can decide the question "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* (internal quotation marks, citations and alterations omitted).

I conclude that the plaintiffs' claim does not necessarily raise a federal issue. Although the Complaint is far from a model of clarity, it appears to assert just one cause of action, which is a state law claim for monetary compensation due to negligence. As the plaintiffs note, the IDEA does not create a cause of action for compensatory or punitive damages. *Sellers ex rel. Sellers v. Sch. Bd. of City of Manassas,* 141 F.3d 524, 526 (4th Cir. 1998). The plaintiffs have not sought any equitable or other non-monetary relief.

In support of the plaintiffs' negligence claim, the Complaint lists several sources of duties, both statutory and common law, that the defendants allegedly breached. Only one of those sources of duties is a federal statute, and according to the plaintiffs, they did not intend to rely on the federal statute itself but on the Commonwealth of Virginia's laws and regulations adopted to enforce and implement the federal law. Whether the defendants are liable to the plaintiffs for negligence can be decided without reference to the federal IDEA and the duties it

might impose on local schools.  Because the Complaint does not raise a substantial federal question, this court does not have subject-matter jurisdiction over the case, and it must be remanded to state court.

III.

For the foregoing reasons, it is **ORDERED** that the Motion to Remand, ECF No. 21, is GRANTED, and the pending Motions to Dismiss, ECF Nos. 16 and 17, are DENIED AS MOOT.  A separate order remanding the case will be entered herewith.

    ENTER:  February 3, 2020

    /s/  *JAMES P. JONES*
    United States District Judge